IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00792-WYD-BNB

ALISHEA WEBB, and
FELITA M. BLACKMON,

Plaintiffs,

v.

BRANDON EXPRESS INC., a Michigan corporation, and
ZURICH NA INSURANCE COMPANY, an Illinois corporation,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Stay Case Pending Determination of Motions to Dismiss** [Doc. # 55, filed 11/19/2009] (the "Motion to Stay"). The plaintiffs seek an order staying pretrial proceedings "pending determination of motions to dismiss." The Motion to Stay is DENIED.

This action arises out of an automobile accident described by the plaintiffs as follows:

> On February 16, 2008, plaintiffs were riding in a rented Penske truck while towing a 1997 Dodge Avenger in route to Orlando Florida. At approximately 9:00 PM, the trailer they were pulling was suddenly struck from behind by a semi-truck and trailer driven by [David W. Jared].

Complaint [Doc. # 1] at ¶9. Brandon Express is alleged to be Jared's employer, id. at ¶5, and Zurich is Brandon's insurer. Id. at ¶11. The plaintiffs asserted claims against Jared, but they were voluntarily dismissed without prejudice when he could not be found to make service of process. Order [Doc. # 34, filed 8/31/2009].

The complaint asserts a negligence claim against Brandon and claims for breach of contract and bad faith breach of insurance contract against Zurich.

The accident apparently occurred in Tennessee, and Brandon is a Michigan corporation. Defendant Brandon Express Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Lack of Venue [Doc. # 8, filed 5/18/2009] ("Brandon's Motion to Dismiss") at p.1. Brandon relies on these facts in support of its motion to dismiss based on a lack of personal jurisdiction and lack of venue. Id. Zurich also has moved to dismiss the complaint arguing that "[u]nder Colorado law, [an insurance company] has no duties to a third party claimant, and Colorado does not recognize the tort of bad faith with respect to a third party claimant." Defendant Zurich NA Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Doc. # 24, filed 7/24/2009] ("Zurich's Motion to Dismiss").

The Federal Rules of Civil Procedure do not provide for a stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing fo the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String

<u>Cheese Incident, LLC. v. Stylus Shows, Inc.</u>, 2006 WL 894955 *3 (D. Colo. March 30, 2006) (same).  Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The plaintiffs argue that they cannot take meaningful discovery until the defendants file answers.  Motion to Stay at ¶2.  I do not agree.  The facts of this case do not appear to be particularly complex.  There is no reason discovery concerning the facts of the accident, the negligence of Brandon's employee, and insurance issues cannot proceed while the motions to dismiss are pending.

The average time from the filing of a dispositive motion to its determination in this district exceeds six months.  Consequently, essentially staying a case while the defendants' motions to dismiss are pending could substantially delay the ultimate resolution of the matter with injurious consequences.  In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> 
> \* \* \*
> 
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the judicial system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case.  Consequently, without attempting to prejudge the district judge's ruling on the defendants' motions to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motions would prove unnecessary.

Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here. With respect to the plaintiffs and Brandon, there is no burden at all. Brandon claims only that the case is brought in the wrong court. Any discovery taken here can be used in the event the action must proceed in Tennessee or Michigan.

It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006).

Notwithstanding the agreement of the parties that they would prefer a stay, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated November 20, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge