IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00792-WYD-BNB

ALISHEA WEBB; and
FELITA M. BLACKMON,

    Plaintiffs,

v.

BRANDON EXPRESS, INC., a Michigan corporation; and
ZURICH NA INSURANCE COMPANY, an Illinois corporation,

    Defendants.

---

# ORDER

---

## I. INTRODUCTION

THIS MATTER is before the Court on Defendant Zurich NA Insurance Company's ["Zurich"] Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss filed July 24, 2009. Zurich moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). A response in opposition to the motion was filed on August 27, 2009, and a reply was filed on September 10, 2009. For the reasons stated below, the motion to dismiss is granted.

## II. BACKGROUND

The First Amended Complaint asserts claims for breach of contract, bad faith breach of insurance contract, and negligence. Plaintiffs Alisha Webb and Felita M. Blackmon ("Plaintiffs") are residents of the State of Colorado. Plaintiffs allege that on February 16, 2008, they were involved in a motor vehicle accident with a former

defendant in this case, Jared D. White ("Mr. White"), who is a resident of the State of Oregon. (Am. Compl. ¶¶ 5, 9.) Mr. White, while driving a semi-truck and trailer, ran into the back of the trailer being towed by the rented Penske truck operated and occupied by Plaintiffs. (*Id.* ¶¶ 9-10.) Mr. White was employed as a semi-truck driver at the time of the accident by co-defendant Brandon Express, Inc. ("Brandon"), which is incorporated in the State of Michigan. (*Id.* ¶¶ 4, 5, 9.) Mr. White was dismissed from the case on August 31, 2009.

Co-defendant Zurich is alleged by Plaintiffs to be Brandon's insurance carrier, a foreign corporation with headquarters in the State of Illinois. The claims office responsible for this matter is located in Omaha, Nebraska. (*Id.* ¶¶ 6, 11.) The motion to dismiss asserts that Brandon's insurance carrier was, in fact, Empire Fire and Marine Insurance Company ("Empire"), improperly pled as Zurich by Plaintiffs. (Def.'s Mot. to Dismiss 1.)

Zurich seeks to dismiss the claims brought against it by Plaintiffs for (1) breach of contract and (2) bad faith breach of insurance contract. (Am. Compl. ¶¶ 13-22.) Under the breach of contract claim, Plaintiffs allege that they are third party beneficiaries of the insurance contract between defendants Brandon and Zurich. (*Id.* ¶ 14.) Plaintiffs allege that Zurich resolved their claim with respect to the damage to the vehicle that was being towed (*id.* ¶ 11), but breached its obligations under the insurance contract by failing to provide payments to Plaintiffs for the damages and injuries resulting from the negligence of Defendants White and Brandon (*id.* ¶ 15).

Under the bad faith breach of insurance contract claim, Plaintiffs allege that Zurich failed to respond to Plaintiffs' claims, failed to advise Plaintiffs of their rights and

responsibilities under the contract of insurance, failed to pay amounts owed, conducted unfair methods of competition, and conducted unfair or deceptive acts or practices.  (*Id.* ¶ 20.)  Plaintiffs also allege that, as third party beneficiaries to the contract, Zurich engaged in a course of conduct to deprive Plaintiffs of their benefits under the insurance contract (*id.* ¶ 17); that Zurich acted below the standard of care for an insurer, intentionally acted unreasonably, violated the policy's implied covenant of good faith and fair dealing, committed bad faith breach of insurance contract (*id.* ¶¶ 18-19); and that Zurich's conduct included fraud, malice and/or willful and wanton misconduct within the meaning of C.R.S. § 13-21-102 (*id.* ¶ 22).  Plaintiffs seek damages for lost policy benefits, emotional distress, severe emotional distress, attorneys fees and costs, and punitive damages pursuant to C.R.S. § 13-21-102.  (*Id.* ¶¶ 21-22.)

Defendant Zurich moves to dismiss Plaintiffs' claims on the basis that Plaintiffs' claims fail as a matter of law under Colorado law.  I find for the reasons stated below that: (1) Colorado law is assumed to apply to this case; (2) Colorado law does not recognize the ability of an injured third party claimant to maintain a bad faith action against an insurer, absent an explicit policy or statutory provision allowing such an action; (3) Plaintiffs may not assert a breach of insurance contract claim because Plaintiffs are not intended third party beneficiaries under Colorado law; and (4) no specific statutory basis for the direct contract claim has been asserted by Plaintiffs.

III.   ANALYSIS

    A.   Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

  B. <u>Whether Dismissal of Zurich is Appropriate in this Case Because The Claims Against It Fail as a Matter of Law</u>

    1. <u>Colorado Law Applies to this Case</u>

Plaintiffs indicate that there may be some question as to whether Tennessee or Colorado State law applies to this case, even though Zurich did not raise this issue in its motion to dismiss. (*See* Pls.' Resp. to Def.'s Mot. to Dismiss 3, 4.) However, Plaintiffs do not provide any choice of law analysis that would justify application of Tennessee law in this case. Plaintiffs both reside in Colorado and, based on the complaint, no party appears to have any ties to Tennessee. Therefore, I assume for purposes of this motion to dismiss that Colorado law applies.

### 2. Colorado Law Does Not Recognize the Ability for an Injured Third Party to Bring a Bad Faith Cause of Action Against a Tort-Feasor's Insurer.

Unless specifically authorized by statute, a bad faith cause of action against an insurer by a third party claimant is not recognized in Colorado. *See Schnacker v. State Farm Mut. Auto. Ins. Co.*, 843 P.2d 102, 105 (Colo. Ct. App. 1992); *see also All Around Transp., Inc. v. Cont'l W. Ins. Co.*, 931 P.2d 552, 556-57 (Colo. Ct. App. 1996); *Pompa v. Am. Family Mut. Ins. Co.*, 506 F. Supp. 2d 412, 415 (D. Colo. 2007). "This is so because the parties to such an insurance contract do not intend to benefit the general public; their intent is to benefit the named insured by protecting him or her against future liability." *All Around Transp.*, 931 P.2d at 556.

In *Schnacker*, the plaintiff was in an automobile accident caused by an insured driver. 843 P.2d at 103. The plaintiff brought a claim of bad faith against the insurer of the tortfeasor, seeking several months of interest on money wrongfully withheld by the insurer. *Id.* at 103-04. The court recognized that "[t]he duty of an insurer to act in good faith when dealing with its insured is recognized and is implied in law as a covenant of the insurance contract." *Id.* at 104. However, the plaintiff in that case was not a party to the insurance contract. *Id.* The court found that the duty of good faith does not extend to third parties that are not a party to the insurance contract and, therefore, declined to recognize a bad faith cause of action against the insurer by the third party claimant. *See Id.* at 104-05.

Similar to the plaintiffs in *Schnacker*, the Plaintiffs in the current case are not insured by Zurich but are injured persons making a third-party claim on the alleged

tortfeasor's insurance policy. As third party claimants, Plaintiffs cannot maintain a bad faith cause of action against the Defendant insurer under Colorado law.

Plaintiffs alternatively argue that under Colorado law, the injured third party could bring a bad faith claim against a third party administrator for an insurance company. (Pls.'s Resp. to Def.'s Mot. to Dismiss at 3.) Plaintiffs assert that a motion to dismiss is premature because additional discovery is needed to verify that Zurich is a third party administrator for Empire Fire. (*Id.* at 2.) I need not address that issue. Even if I were to assume that Zurich was a third party administrator, Plaintiffs still do not have a claim against it.

Plaintiffs rely upon *Cary v. United of Omaha Life Insurance Co.*, 68 P.3d 462 (Colo. 2003) to support their argument that a third-party can bring a bad faith claim against a third party claims administrator. (Pls.'s Resp. at 3.) In *Cary*, the insured, on behalf of his daughter who was a beneficiary of the insured's health insurance policy, brought a claim of bad faith against the claim administrator, an independent company hired by the insurance trust to handle its insurance claims. 68 P.3d at 464. The court found that, although "[i]n the typical insurance case, only the insurer owes the duty of good faith to its insured," *id.* at 466, where a third-party administrator "performs many of the tasks of an insurance company and bears some of the financial risk of loss for the claim, the administrator has a duty of good faith and fair dealing *to the insured* in the investigation and servicing of the insurance claim," *id.* at 469 (emphasis added). *Cary* found that, under these circumstances, a "special relationship existed between the administrators and the insured sufficient to establish in the administrator a duty to act in good faith." *Id.* at 463, 468.

In the current case, Plaintiffs are not insured by the Defendant, but are third party claimants. Because the insurer does not owe a duty of good faith to Plaintiffs, *Schnacker*, 843 P.2d at 103-04, a duty of good faith is not established between Plaintiffs and a third party administrator. Therefore, as third party claimants, Plaintiffs may not bring a claim of bad faith against the insurance company or a third party administrator for the insurance company.

Based on the foregoing, Plaintiffs' claim against either Zurich as a third party administrator or Empire Fire as the insurance company fails because a bad faith claim cannot be brought by an injured party against either entity under Colorado law unless authorized by statute.[1] I address the statutory issue in Section III.B.4, *infra*.

        3.      <u>Plaintiffs May Not Assert a Breach of Insurance Contract Claim Because They Are Not Intended Third Party Beneficiaries of the Insurance Contract</u>

Plaintiffs could bring a breach of insurance contract claim against the tortfeasor's insurer if they are intended third party beneficiaries of the contract between the tortfeasor and the insurance company. *See, e.g., Parrish Chiropractic Centers, P.C. v. Progressive Cas. Ins. Co.*, 874 P.2d 1049, 1056 (Colo. 1994); *All Around Transp., Inc.*, 931 P.2d at 556-57. While Plaintiffs allege that they are third party beneficiaries (Am.

---

[1] The Tenth Circuit has stated that "if matters outside the pleading are presented to and not excluded by the court, [a Rule 12(b)(6) motion] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Plaintiffs and Defendant have each provided materials outside their pleadings to support their respective assertions that Zurich is, or is not, the proper defendant in this case. However, it is not necessary to convert this motion to dismiss to a motion for summary judgment. It is irrelevant whether Zurich or Empire Fire is the proper defendant in this case since I found that Plaintiffs do not have a claim against either entity. Accordingly, I need not and have not considered the materials attached to the pleadings.

Compl. ¶¶ 12, 14, 17), I find for purposes of this motion to dismiss that Plaintiffs have not shown they are intended third party beneficiaries.

As stated by the court in *Cassidy v. Millers Casualty Insurance Co. of Texas*, 1 F. Supp. 2d 1200 (D. Colo. 1998):

> An insurance policy is a contract, the interpretation of which is generally consistent with established principles of contract law. *American Family Mut. Ins. Co. v. Johnson*, 816 P.2d 952, 953 (Colo. 1991) (citation omitted). A person not a party to an express contract may bring an action on the contract if the parties to the agreement intended to benefit the third party, provided that such benefit is direct and not merely incidental. *E.B. Roberts Const. Co. v. Concrete Contractors, Inc.*, 704 P.2d 859, 865 (Colo. 1985). The intent to benefit the third party must be apparent from the agreement's terms, the surrounding circumstances, or both.

*Id.* at 1211.

Applying this rule, the Court in *Parrish* held that a clinic which provided services to insureds was only an incidental beneficiary of the insurance contract and not an intended third party beneficiary, and was, therefore, not entitled to recover payment in a direct action to enforce the policy. 874 P.2d at 1056-57. The court stated that the clinic was only one of many health care providers that the insured could have chosen for treatment of injuries covered by the policy. *Id.* at 1056. As a result, the clinic was only an incidental beneficiary of the contract. Id.

The court in *All Around Transport, Inc.* used similar reasoning when it denied the ability of a shipper to maintain a direct action against a hired trucking company's insurer for a lost truckload of potatoes. 931 P.2d at 556-57. The court stated:

> An injured claimant normally cannot maintain a direct action on the liability policy protecting the tort-feasor . . . This is so because the parties to such an insurance contract do not intend to benefit the general public; their intent is to benefit the named insured by protecting him or her against future liability.

*Id.* at 556 (citing *State Farm Fire & Cas. Co. V. Nikitow*, 924 P.2d 1084 (Colo. Ct. App. 1995)). Because the shipper was not a third party beneficiary of the contract and there was no asserted statute authorizing a direct action by the third party shipper, the shipper could not commence a direct contract action against the insurer. *Id.* at 556-57.

Plaintiffs in this case, like the shipper in *All Around Transport, Inc.*, are injured claimants. This does not automatically make Plaintiffs intended third party beneficiaries of the contract. Absent clear intent to make Plaintiffs direct third party beneficiaries of the contract, which is absent in this case, Plaintiffs cannot maintain a direct action on the tortfeasor's insurance policy as third party beneficiaries. Plaintiffs' status as third party beneficiaries is a legal conclusion that is not supported by any factual allegations in the complaint. *Iqbal*, 129 S. Ct. at 1949 (in reviewing a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Accordingly, I reject this argument.

          4.    <u>Plaintiffs Have Not Asserted a Statutory Basis for their Claims</u>

The only other way that Plaintiffs could maintain a direct action on the insurance policy is if such action was specifically authorized by statute. *All Around Transport, Inc.*, 931 P.2d at 556-57; *Schnacker*, 843 P.2d at 105. Plaintiffs assert in that regard that because C.R.S. § 10-4-642 defines injured parties as "claimants," Plaintiffs are intended beneficiaries of the insurance contract. However, this conclusion is not supported by Colorado law. *See, e.g., Parrish*, 874 P.2d 1049, 1056-57; *All Around Transport, Inc.*, 931 P.2d at 556-57; *Schnacker*, 843 P.2d at 104-105.

Plaintiffs also imply that the results under *Dean v. Allstate Insurance Co.*, 878 F. Supp. 1397 (D. Colo. 1993), may have been different if it was decided under the

current Personal Injury Protection statute, rather than under the 1993 statute, C.R.S. § 10-4-701 et. seq. (Pls.'s Resp. to Def.'s Mot. to Dismiss at 5.) However, Plaintiffs offer no analysis or justification for this implication. Because no statute has been asserted that authorizes a direct action by Plaintiffs, I find that Plaintiffs cannot maintain a direct action on the insured's policy under Colorado law.

IV.     CONCLUSION

Based upon the foregoing, Plaintiffs' claims against Defendant insurance company fail as a matter of law. Dismissal is thus appropriate pursuant to Fed. R. Civ. P. 12(b)(6). It is therefore

ORDERED that Defendant's Motion to Dismiss filed July 24, 2009, is **GRANTED**, and this case is **DISMISSED** against Defendant Zurich Insurance Company.

Dated: December 23, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge