IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00792-WYD-BNB

ALISHEA WEBB; and
FELITA M. BLACKMON,

      Plaintiffs,

v.

BRANDON EXPRESS, INC., a Michigan corporation; and
ZURICH NA INSURANCE COMPANY, an Illinois corporation,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Brandon Express, Inc.'s

("Brandon") Motion to Dismiss for Lack of Personal Jurisdiction and Lack of Venue filed

May 18, 2009.  A response was filed on June 9, 2009.

Brandon's motion seeks to dismiss Plaintiffs Alishea Webb and Felita M.

Blackmon's ("Plaintiffs") claims against it pursuant to Fed. R. Civ. P. 12(b)(2) because

Plaintiffs do not have personal jurisdiction over Brandon.  Further, Brandon moves to

dismiss the claims against it pursuant to 28 U.S.C. § 1391 on the basis that Plaintiffs

filed this case in the wrong venue.

II.    <u>FACTUAL BACKGROUND</u>

The facts relevant to this motion to dismiss are as follows.  The complaint alleges

that this litigation arises from Defendant Jared D. White's ("White") "wrongful conduct

with respect to the operation of a semi-truck and trailer in violation of federal regulations as well as defendant Zurich's wrongful conduct and bad faith breach of insurance contract to a third party beneficiary." (First Am. Compl., ¶ 1.)  More specifically, the complaint alleges that on "February 16, 2008, plaintiffs were riding in a rented Penske truck while towing a 1997 Dodge Avenger in route to Orlando Florida. At approximately 9:00 PM, the trailer they were pulling was suddenly struck from behind by a semi-truck and trailer driven by defendant White." (*Id.*, ¶ 9.)  "Upon information and belief, defendant White, while driving a semi-truck and trailer, caused his truck to hit the rear of the trailer being pulled by the truck operated by the plaintiff Webb.  Upon information and belief, Defendant White failed to comply 49 CFR §392.3, regarding an ill or fatigued operator." (*Id.*, ¶ 10.)

The complaint is silent as to where the accident at issue between White and Plaintiffs occurred.  Brandon asserts in its motion to dismiss that the accident occurred in Tennessee, a fact which was not disputed by Plaintiffs in their response.  I note that Defendant White was previously voluntarily dismissed from the case by Plaintiffs.

The complaint further alleges that Plaintiffs are citizens of Colorado.  (First Am. Compl., ¶¶  2-3.)  It also alleges, on information and belief, that Brandon is incorporated in Michigan with its principal place of business in Michigan, and is duly qualified to transact business in the United States.  (*Id.*, ¶ 3.)  Finally, it alleges that Defendant Zurich NA Insurance Company ["Zurich"] "is a foreign corporation with headquarters in the State of Illinois" and the claims office responsible for this matter is in Nebraska.  (*Id.*, ¶ 6.)

Plaintiffs allege that they timely filed a claim with Brandon's insurance carrier, Zurich, with respect to damage to a vehicle that was being towed by Plaintiffs. (First Am. Compl., ¶ 11.)  They assert that Zurich breached its obligations under the insurance contract and committed bad faith. (*Id.*, ¶¶ 15-22.)  Plaintiffs sue Brandon for negligence, asserting that it had a duty to take reasonable steps to ensure that White did not put the public in jeopardy, that the potential for great harm to the public was foreseeable, that Brandon "altogether failed to adequately supervise and/or train defendant White," and that the negligence of Brandon "proximately caused injury and harm to plaintiffs through the substandard manner in which they performed their work. (*Id.*, ¶¶ 30-32.)  Plaintiffs conclude that "as the employer of White, defendant Brandon is vicariously liable for the acts and negligence of defendant White that occurred while he was performing services on behalf of his employer." (*Id.*, ¶ 33.)  In this Order I address only the liability of Brandon pursuant to its motion to dismiss.

III.   ANALYSIS

I first address the issue of whether this Court has personal jurisdiction over Brandon.  Plaintiffs asserts that counsel for Brandon advised Plaintiffs' counsel that the motion to dismiss based on lack of personal jurisdiction was to be withdrawn given that Brandon's registered agent in the state of Colorado was properly served.  It is further asserts that counsel has since changed for Brandon and Plaintiffs' counsel has been unable to determine if Brandon's new counsel agrees with the withdrawal of the motion on personal jurisdiction grounds.  Nonetheless, it is argued by Plaintiffs that the return of service on the registered agent for Brandon is sufficient to confer personal jurisdiction

over Brandon and the motion to dismiss on personal jurisdiction grounds is thereby moot.

I find that this argument is without merit.  As counsel for Plaintiffs should certainly be aware, service of a defendant does not confer personal jurisdiction on a party.  It merely requires a defendant to respond to the claims filed through an answer or a motion to dismiss.  At that time the defendant may, as here, assert that the court lacks jurisdiction over it.  The jurisdictional issue must then be resolved by the Court.

I thus turn to the issue of whether the Court has personal jurisdiction over Brandon.  The plaintiff bears the burden of establishing personal jurisdiction, although at the preliminary stages of the litigation this burden is light.  *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "The plaintiff may meet this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'"  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (quotation omitted).

Where there has been no evidentiary hearing and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, "the plaintiff must only make a prima facie showing of personal jurisdiction."  *Id.*  The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  *Id.*  However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

The court must engage in a two-step analysis in determining whether the exercise of personal jurisdiction is appropriate.  *Wenz,* 55 F.3d at 1507.  The Court "must initially determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law, . . . . and then determine whether the exercise of jurisdiction comports with the due process requirements of the Constitution."  *Id.* at 1506-07.  Because Colorado's long-arm statute has been construed by the Colorado Supreme Court as allowing personal jurisdiction to the full extent permitted under federal law, *Safari Outfitters, Inc. v. Superior Ct.*, 448 P.2d 783, 784 (Colo.1968), "[the court's] analysis collapses into a single inquiry, whether the exercise of personal jurisdiction over [the defendant] comports with due process."  *Nat. Business Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000), *aff'd*, 16 Fed. Appx. 959 (10th Cir. 2001).

"[D]ue process requires only that ... [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) (quotation omitted). Critical to the due process analysis "'is that the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there.'"  *Id.* (quotations omitted).  The reasonable anticipation requirement is satisfied if the defendant has engaged in "some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  In

the tort context, the court often looks at whether the nonresident defendant

"'purposefully directed' its activities at the forum state."  *Dudnivok v. Chalk & Vermilion*

*Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).  In contract cases, the court asks

"whether the defendant 'purposefully availed' itself of the privilege of conducting

activities or consummating a transaction in the forum state."  *Id.*

The complaint alleges that personal jurisdiction exists under section (a) and (b) of

the Colorado long-arm statute, Colo. Rev. Stat. §§ 13-1-124(a) and (b).  This statute

states in pertinent part:

> Engaging in any act enumerated in this section by any person submits
> such person to the jurisdiction of the courts of this state concerning any
> cause of action arising therefrom:
> (a)     The transaction of any business within this state;
> (b)     The commission of a tortious act within this state;

*Id.*

In response to Brandon's motion to dismiss, the only argument that Plaintiffs

make to establish personal jurisdiction are that "the defendants are subject to personal

jurisdiction in the state of Colorado as it is [sic] subject to service within the state

pursuant to the Federal Motor Carrier Safety Act and because the conduct of

defendant[sic] causing [sic] harm or tortious injury in Colorado by any act or omission

inside of Colorado."  (Pl.'s Resp. at 2.)  I find that these allegations are not sufficient to

meet Plaintiffs' burden of showing that personal jurisdiction exists.

I first address the Federal Motor Carrier Safety Act ["FMCSA"], 49 U.S.C.

§§ 31101, *et seq.*  "Under the FMCSA, Congress directed the [Department of

Transportation] to 'prescribe minimum safety standards for commercial motor vehicles,'

and ensure that 'the physical condition of operators of commercial motor vehicles is adequate to enable them to operate such vehicles safely.'" *Graef v. Chemical Leaman Corp.*, 106 F.3d 112, 115 (5th Cir. 1997) (quoting 49 U.S.C. § 31136(a), (a)(3)). Plaintiffs have not cited any authority to supports their argument that the FMCSA somehow confers personal jurisdiction over a defendant. Indeed, they did not even provide a citation to the Act itself. From my own independent review of the Act I have found nothing that would support Plaintiffs' argument. Finally on this issue, I note that the Complaint does not even state a claim for relief under the FMCSA or cite the Act. Thus, I find that Plaintiffs' reliance on the FMCSA to confer personal jurisdiction over Brandon is improper.

I now turn to the Colorado long-arm statute. Plaintiffs have not shown that the events of this case arise from Brandon's transaction of business in this state. As to tortious conduct, "[t]he long-arm statute is satisfied if either the tortious conduct or the resulting injury occurs in Colorado." *Vogan v. County of San Diego*, 193 P.3d 336, 339 (Colo. Ct. App. 2008). Here, the complaint is silent on this issue. As noted earlier, Brandon asserts in its motion to dismiss that the tortious conduct (the accident) occurred in Tennessee, a fact which Plaintiff has not disputed. While Plaintiffs appear to argue that there was resulting injury in Colorado, they have not provided any facts or allegations that support that argument, *i.e.*, they have not addressed what injury occurred here and why that injury is sufficient to confer personal jurisdiction.

Further, Plaintiffs have not established for prima facie purposes, or even made any argument, as to how the exercise of jurisdiction over Brandon comports with due

process.  They have not shown any act by which Brandon purposefully availed itself of the privilege of conducting activities with Colorado, thus invoking the benefits and protections of its laws.  Plaintiffs' complaint and response to the motion to dismiss are merely conclusory, and do not state facts which if accepted as true would establish jurisdiction over Brandon.

Accordingly, I find that Plaintiffs have not met their prima facie burden to show that this Court has personal jurisdiction over Brandon.  Since I find that dismissal is appropriate on this ground, I need not address Brandon's argument that dismissal is proper based on improper venue.

III.   <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendant Brandon Express, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Lack of Venue (filed May 18, 2009) is **GRANTED** on the basis that Plaintiffs have not met their burden of showing that the Court has personal jurisdiction over Brandon Express, Inc.  Defendant Brandon Express, Inc. is thus **DISMISSED** from the case.  It is

FURTHER ORDERED that since Defendant Zurich Insurance Company has also been dismissed from this case by Order of this same date, this case is **DISMISSED** in its entirety since all claims have now been dismissed.

Dated:  December 23, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge